IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CR-99-110-D |
| | ) | |
| ALCEDRIC KELLY, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court for consideration of Defendant's *pro se* Petition for Writ of Audita Querela Under 28 U.S.C. § 1651(a) [Doc. No. 43]. The government has responded in opposition to the Petition, which is at issue.

On August 2, 1999, Defendant pled guilty to a one-count Information charging him with possession of cocaine base with the intent to distribute. He was sentenced on January 25, 2000, to a 168-month term of imprisonment. Liberally construing the Petition, Defendant seeks relief from his sentence based on the government's alleged breach of an oral agreement that was made after his sentence was imposed. Defendant alleges that the prosecutor obtained his testimony for the sentencing hearing of Clifford Johnson by promising in February, 2000, that the government would file a motion to reduce Defendant's sentence under Fed. R. Crim. P. 35(b) in exchange for his cooperation. According to Defendant, he testified at Mr. Johnson's sentencing in reliance on this promise, and thus he is entitled to the benefit of a cooperation agreement between the parties.[1] Although not expressly stated in the Petition, Defendant apparently relies on the All Writs Act for

---

[1] *The record in Mr. Johnson's case, No. CR-99-159-D, supports Defendant's claim of cooperation but reflects that Mr. Johnson's sentencing occurred on April 5, 2000.*

relief, rather than 28 U.S.C. § 2255, due to the one-year time limit imposed on the post-conviction remedy available under that statute. *See* 28 U.S.C. § 2255(f).[2]

The government correctly argues: "'[A] writ of audita querela is not available to a petitioner when other remedies exist, such as a motion to vacate sentence under 28 U.S.C. § 2255.'" Govt's Resp. at 4, *quoting United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (quotation omitted).[3] Research reveals that Defendant could have sought relief under § 2255 based on the allegations of the Petition. *See*, *e.g.*, *United States v. Gordon*, 12 F. App'x 672 (10th Cir. 2001) (considering under § 2255 a claim that the government breached a plea agreement by failing to file a Rule 35(b) motion); *Pennington v. United States*, No. 98-3197, 1999 WL 14052 (10th Cir. Jan. 15, 1999) (same); *United States v. Evans*, No. 95-5144, 1996 WL 167484 (10th Cir. April 10, 1996) (same but involving a cooperation agreement made after sentencing).[4] A § 2255 motion seeking judicial review of the prosecutor's failure to perform the alleged cooperation agreement could have been brought within one year after the time for filing a Rule 35(b) motion expired. *See Pennington*, 1999 WL 14052 at *1 (finding § 2255 claim to be timely because the defendant "was not on notice of the government's failure to file a Rule 35(b) motion until one year after the imposition of his sentence, which is the period within which Rule 35 motions are normally filed").

Because Defendant's claim was cognizable under § 2255, the statute provides his exclusive remedy for relief from his sentence, and he cannot obtain relief through a writ of audita querela. *See*

---

[2] *Defendant states that "by the time the government's allotted time allowance [under Rule 35(b)(2)] had elapsed, the Anti-Terrorism and Effective Death Penalty Act precluded him from seeking the relief to which he was entitled . . . . It is only recently that [Defendant] has become familiar enough with post-conviction pleadings to realize that audita querela does indeed apply to his case."* See *Petition at 7-8.*

[3] *"[A] writ of audita querela is used to challenge a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition."* Torres, *282 F.3d at 1245 n.6. The court of appeals assumed without deciding in* Torres *that a writ of audita querela, like a writ of coram nobis, can still be pursued in criminal contexts, even though those writs were abolished for civil cases by Fed. R. Civ. P. 60(b).*

[4] *Unpublished opinions cited pursuant to Fed. R. App. P. 32.1 and 10th Cir. R. 32.1(A).*

*Torres*, 282 F.3d at 1245. The Court declines to recharacterize the Petition as a § 2255 motion because it is facially time-barred under that statute. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (district court properly declined to construe *pro se* filing as a § 2255 motion because "such a motion would, at least facially, be barred as untimely").

IT IS THEREFORE ORDERED that the Petition for Writ of Audita Querela [Doc. No. 43] is DENIED.

IT IS SO ORDERED this 15th day of January, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE