IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CR-99-110-D |
| ) | |
| ALCEDRIC KELLY, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's *pro se* Motion Under 18 U.S.C. § 3583 for Early Termination of Supervised Release [Doc. No. 60]. Defendant is currently serving a five-year term of supervised release that began April 10, 2012. According to Defendant, he has met all conditions of supervision, has been continuously employed, has maintained a stable place of residence, has not had a positive result on any drug test, and has timely submitted monthly reports to his supervising probation officer. Defendant believes his good conduct qualifies him for early termination of supervised release pursuant to § 3583(e).

The government has responded in opposition to the Motion and has provided information supplied by Defendant's supervising probation officer. The government states that two reasons given by Defendant for seeking termination of supervised release are incorrect and that, based on the nature of his offense and his conduct during supervision, neither the probation office nor the prosecutor support Defendant's request to be discharged from supervised release at this time.

Defendant pleaded guilty on August 2, 1999, to the offense of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced on January 25, 2000, to a 168-month term of imprisonment. On November 1, 2011, the Court granted an unopposed motion by Defendant pursuant to 18 U.S.C. § 3582(c)(2) for a reduction of his sentence to time served effective November 15, 2011. Upon release, he was taken into custody by the Oklahoma Department of Corrections. Defendant was again released on April 10, 2012, and he has been supervised by a probation officer in this district since that date. If he successfully completes the remainder of his term of supervision, Defendant will be discharged on April 9, 2017.

A district court has discretionary authority to "terminate a term of supervised release and discharge the defendant at any time after expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after considering certain § 3553(a) factors. 18 U.S.C. § 3583(e)(1); see *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

Upon consideration of Defendant's Motion in light of information shown by the case record and provided by the government, the Court finds that early termination of his five-year term of supervised release is not warranted. Although Defendant contends he has complied with all conditions of supervision, he was in fact placed in the remote location monitoring program in March 2015 after he violated two standard conditions of supervision. He admitted changing places of residence without notifying his probation officer, and he associated with persons convicted of felony offenses without prior permission from the

probation officer. *See* Request for Modifying Conditions or Term of Supervision with Consent of the Offender [Doc. No. 59]. Also, the probation officer states Defendant reported in February 2015 that he had been terminated from his most recent job, and he has been unable to work since an employment-related injury in November 2014. Thus, although the Court commends Defendant for the progress he has made and encourages him to continue on a positive path, Defendant's stated reasons for terminating his supervision are not supported, and early termination of the five-year term is not appropriate at this time.

IT IS THEREFORE ORDERED that Defendant's Motion for Early Termination of Supervised Release [Doc. No. 60] is DENIED.

IT IS SO ORDERED this 21st day of August, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE